IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVAN SPIES, | ) |
| | ) |
| Plaintiff, | ) |
| | )  JURY DEMAND |
| v. | ) RECEIVED: AUGUST 29, 2008 |
| | ) 08CV4949 |
| NORTHWEST COLLECTORS, INC. | ) JUDGE CONLON |
| | ) MAGISTRATE JUDGE SCHENKIER |
| | ) |
| Defendant. | ) AO |

## COMPLAINT

Plaintiff, EVAN SPIES, by and through his attorney, Mark T. Lavery, brings this Complaint against Defendant, NORTHWEST COLLECTORS, INC., for violation of the Fair Debt Collection Practices Act.

*Parties*

1. Plaintiff, Evan Spies, is a consumer residing in this district. Plaintiff demands a jury.

2. Defendant, Northwest Collectors, Inc., is a debt collector as defined by the Fair Debt Collection Practices Act (hereinafter "FDCPA") doing business in this district. Bruce M. Jancovic at 444 N. Northwest Hwy., #205, Park Ridge, IL is registered agent for Defendant.

*Jurisdiction and Venue*

3. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under the FDCPA, 15 U.S.C. § 1692.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts giving rise to

this action occurred in substantial part in this district.

## *Factual Allegations*

5.      Defendant has repeatedly called Plaintiff on his home telephone throughout July and August 2008 and left messages on his home answering machine.

6.      Defendant's communications left on Plaintiff's answering machine violate the FDCPA.

7.      Defendant's agent failed to disclose in the phone messages that the call was from a debt collector or from Northwest Collectors Inc.

8.      The messages stated in part, "This is Jennifer Jackson regarding an important personal business matter".

9.      Jennifer Jackson did not disclose in any messages that she was a debt collector or that she worked for Defendant.

## COUNT I
### *Violation of Fair Debt Collections Practices*

10.     Plaintiff realleges and incorporates paragraphs 1-9 into this count.

11.     Defendant violated the FDCPA when it failed to disclose in communications, namely messages left on an answering machine, that the communication was from a debt collector or Northwest Collectors Inc.

12.     Since 2005, Courts have recognized that a debt collector violates the FDCPA when a debt collector leaves a message on an answering machine and fails to disclose that the message is from

a debt collector.[1]

13.　　Defendant violated 1692e(11) because the messages left for plaintiff by Defendant did not convey the information required by the FDCPA.

14.　　Defendant also violated 1692d(6) by placing a telephone call without meaningful disclosure of the Defendant's identity.

15.　　Defendant also violated 1692e(10) because the messages created a false sense of urgency.

WHEREFORE, Plaintiff, Evan Spies, asks that the Court enter judgment in his favor and against Defendant, Northwest Collectors, Inc., as follows:

　　(A)　　Damages under the FDCPA, 15 U.S.C. 1692(k);

　　(B)　　Declaratory and corresponding equitable relief;

　　(C)　　Reasonable attorney's fees and costs; and

　　(D)　　Any other relief that this Court deems appropriate and just under the circumstances.

Respectfully submitted,
Evan Spies, Plaintiff

By: __/s/ Mark T. Lavery_____
His Attorney

Mark Lavery
733 S. Lee St., Suite 150
Des Plaines, IL 60016

---

[1] See *Hosseinzadeh v. M.R.S.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D. N.Y. 2006); *Costa v. Nat'l Action Fin. Servs.*, 2007 U.S. Dist. LEXIS 93230 (E.D. Cal. 2007); *Ramirez v. Apex Fin. Mgmt.*, 2008 U.S. Dist. LEXIS 60652 (N.D. Ill. 2008).